285 N.J. Super. 399 (1995)
667 A.2d 200
IN THE MATTER OF REGISTRANT A.B.: APPLICATION FOR JUDICIAL REVIEW OF NOTIFICATION AND TIER DESIGNATION.[1]
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1995.
Decided November 17, 1995.
*400 Judges SHEBELL, LONG and WALLACE.
The opinion of the court was delivered by SHEBELL, P.J.A.D.
*401 On August 1, 1995, the registrant pleaded guilty to endangering the welfare of a minor (N.J.S.A. 2C:24-4a). Pursuant to a plea agreement, a sentence of two years of probation and a fine were imposed. On or about October 3, 1995, the registrant was personally served with a letter of notification that stated "You will be classified in TIER 2." The notice informed the registrant that the decision had been made by the County Prosecutor's Office that his presence in the community poses a moderate risk and that the Tier 2 evaluation was based upon the Sex Offender Risk Assessment Scale attached to the notice.
The notice further attempted to convey to the registrant that unless he made application to the designated judge of the vicinage involved on or before October 17, 1995, that notification would proceed in the manner described in the notice. It was stated on the second page of the letter that "[if] application is made by you, there will be no notification unless authorized by the court." The letter continued by stating the following:
If you wish to apply for judicial review of this determination, the following must be done immediately:
1. READ AND IMMEDIATELY SEND a completed copy of the attached Application Form to:
[designated judge and location of courthouse were set forth]
A copy of this form must also be sent to the Prosecutor's Office in the enclosed envelope.
2. If you wish to hire a lawyer, but can not afford one, please include that information on the attached Form.
3. If you decide to apply for judicial review, a conference will be scheduled before [designated judge] for the following date:
Tuesday, October 24, 1995 at 9:00 a.m.
Failure to appear on this date shall result in the dismissal of your application. Should you decide not to contest the Prosecutor's decision, then notification will proceed as of the conference date.
Unfortunately, the deadline for filing the application set forth on the front page of the notification was filled in in long hand, rather than being typed, as was the entire rest of the notice. The blank was completed in the following manner: "170C795."
*402 According to the certification of the registrant which accompanied his motion to file a late application, he "understood what the letter was about and the seriousness of being classified in this tier, [but] [] did not understand the deadlines contained in the letter." He stated that the deadline date "appeared to me `170C795.' This did not appear to me to be a date." The registrant further certified that after reading the letter he was under the mistaken assumption that he had to appear before the judge on October 24, 1995, as that was the date typed in on page 2 of the notification. He further stated that since he intended to object to the Tier 2 classification, he called his attorney and told him that he wanted to retain him to represent him in the application for judicial review. He advised his attorney of the conference date of October 24, 1995 and that he would drop the application off at his office before that date.
The registrant further certified:
"Unknown to me at the time was the fact that the date in which I had to have submitted the application was October 17, 1995. Because I did not clearly understand the deadline stated in the letter, I submitted the letter and the application to my attorney after this date."
He certified that he told his attorney that they had until October 24, 1995 to submit the application and as a result, his attorney did not place the file in any type of "priority status" and was unaware that the application was already out of time when delivered to the attorney's office. According to the registrant, it was his intent to have applied for judicial review of the classification and he thought he was acting properly in advising his attorney of the application and the court date. He attributes this error to "the ambiguous nature of the letter and the confusion, the wording in the letter ..." He concludes that he "was misinformed as to the correct deadline for filing" and as a consequence, he also misinformed his attorney as to the correct date.
The registrant's attorney filed a certification indicating that on the 12th or 13th of October, the registrant called his office because he had received the letter of notification from the Prosecutor's Office. According to the attorney, the registrant informed him *403 that the letter pertained to "Megan's Law" and that a judicial hearing was scheduled. The registrant requested representation and the attorney informed him that he would undertake to represent and assist him in connection with the matter. The letter was then dropped off "at the receptionist area" of the law office late on Wednesday, October 18, 1995, and was not read by the attorney until Saturday, October 21st. Upon reading the letter, the attorney "realized that I was late and I did not feel completion of the application at that time was the best course of action and instead opted to appear at the conference before [designated judge] Tuesday morning, October 24th, with [registrant]." In his certification, the attorney noted that the October 24, 1995 conference date was typed and legible and indicated a meeting with the designated judge, whereas the date on page 1 setting forth the deadline for filing the application was "cryptic writing" and appeared to be "170C795."
On the scheduled conference date of October 24, 1995, the designated judge continued the matter in order to afford the registrant's attorney an opportunity to file a formal motion for leave to file a late application for review of the Tier 2 classification. The registrant's motion was made returnable on October 31, 1995 and was duly served upon the Office of the Prosecutor together with a letter brief in support of the application.
In opposition to the registrant's motion, a detective, employed by the Office of the County Prosecutor, filed a certification that he filled in the date by which an objection had to be filed on the notice of Tier classification which he personally served upon the registrant. He certified that he advised the registrant that if he wanted to object, he must fill out the form and return it by October 17, 1995, and that the registrant stated that he would have an attorney look at the papers. The detective further certified that he told the registrant that he should do so immediately because there was a fourteen day limit. The County Prosecutor also filed a letter brief in opposition to the registrant's *404 motion. The matter was then argued on October 31, 1995 without the taking of any testimony.
The designated judge denied the registrant the opportunity to have a hearing on the merits of the Sex Offender Risk Assessment established by the Prosecutor stating in part:
I'm finding today that there has to be a showing of good cause to relax the requirement. I am not saying in every individual case that a defendant would be barred from proceeding if they fail to submit their answer within that 14 day period. As an example, if a defendant mails in a notification and it's not received by the court and the prosecutor until after the 14 days, while there would be a technical violation of the guideline and the rule saying notification is to be filed within 14 days, in my mind that would be an exception and obviously would not be fundamentally fair in terms of dealing with an individual defendant. But where a defendant takes no affirmative action himself until the 24th day to comply with the requirements of the court. That is not a showing of good cause in my mind to which I should relax the rules in this particular case.
The judge further stated:
As to the issue of prejudice, because that has been brought up in this case. I originally had indicated that I wanted to proceed on this motion in a quick fashion and that I would consider today as either preliminary hearing date or hearing on the motion and if I denied the application there's no need to get to the preliminary hearing.
In terms of loss, I have considered the fact in this particular case that the preliminary hearing date was scheduled for today. So in the terms of that kind of prejudice, it's really not been a substantial delay with respect to this matter except insofar as everything had to be rushed including the arguments on the record concerning what specific motions were being considered by the defense as against the Risk Assessment Scale utilized by the prosecutor.
So my first finding is is that there is no good cause in and of itself would justify a relaxation of the rule in this case, and it's not a circumstance where the defendant in fact was a day or so late and did what he was supposed to and he should have done exactly what the order tells him to do. So when you look at on a good cause standard, there's not been good cause established to relax the rules.
The County Prosecutor, in opposing the registrant's motion for leave to file a late application for review, cites our Supreme Court's holding in Doe v. Poritz, 142 N.J. 1, 662 A.2d 367 (1995) as having "established a strict time frame in which the classification and notification process should be completed." The Prosecutor further cites the Attorney General's "Outline of Procedure for Hearings on Objections to Megan's Law Tier 2 and Tier 3 Classification and Manner of Notification Determinations," noting *405 that it states that a registrant has fourteen days to object to Tier 2 or Tier 3 classification. Stating that "Doe v. Poritz is replete with references to how strictly courts must adhere to the time frame for notification," the Prosecutor argues that "the [r]egistrant's situation does not warrant relaxation of the fourteen day time limit." The Prosecutor also argues:
Denial of a registrant's motion to file an objection out of time is also supported by the New Jersey courts' treatment of late motions to suppress pursuant to Rule 3:5-7(a) which allows 30 days to file.[2] If a timely motion is not made in accordance with this rule, the defendant shall be deemed to have waived any objection during trial to the admission of evidence on the ground that such evidence was unlawfully obtained. R. 3:5-7(f) (citations omitted).
We disagree with the Prosecutor's position in this matter. Tier 2 and 3 Classifications carry with them the requirement of public notification. N.J.S.A. 2C:7-6 through 10. Public notification that one's presence in the community poses a risk "implicates a privacy interest in non-disclosure, and therefore triggers due process." Doe, supra, 142 N.J. at 100-07, 662 A.2d 367. The Doe Court further concluded that even beyond principles of due process, "New Jersey's Doctrine of Fundamental Fairness" requires that sex offenders classified as Tier 2 or 3 be granted a pre-notification hearing. Id. at 108, 662 A.2d 367. Thus, our Supreme Court conditioned its decision to sustain the constitutionality of Megan's Law on the requirement that there be judicial review of the Prosecutor's decision to impose Tier 2 and Tier 3 notification. Id. at 109-11, 662 A.2d 367.
It is with recognition of the constitutional necessity of a reasonable opportunity for judicial review of this registrant's classification, that we review the designated judge's denial of a hearing on the merits in this case. Both sides agree that the test to be applied in considering whether to allow late application under the circumstances presented here is "good cause." See R. *406 4:6-1(c) (in a civil action a responsive pleading may be filed by consent within thirty days of the time of service with further enlargements allowed "only on notice by court order, on good cause shown therefor"); R. 3:10-2(a) (a criminal court judge may "for good cause shown and in the interests of justice" permit additional motions not previously set forth in the arraignment/status conference scheduling order). We adopt the rule that the registrant must show good cause and that it is in the interests of justice to permit late filing of an application for judicial review.
We are satisfied that in the present case, there has been a showing of good cause and that the interests of justice require that the registrant's request to file a late application be granted. See State v. Gerald, 113 N.J. 40, 128-29, 549 A.2d 792 (1988). The date set forth in handwriting on the first page of the notification letter was abbreviated, and it was in a form not universally utilized in this country. Our personal observation of the date written on the form convinces us that it could easily have led to the confusion the registrant claims to have encountered.
Further, there had been no default entered against the registrant and both the registrant and his attorney appeared for the preliminary conference as scheduled. We have no doubt that it would have been possible to accommodate the interests of the public and the judicial system in prompt disposition of the matter, while at the same time providing the registrant with a hearing on the merits of the Prosecutor's Tier 2 Classification. Any surprise to the Prosecutor or the court by the appearance of the registrant and his attorney without the required filing of the application could have been rectified by a short extension of the conference date, if it was truly necessary. We note that because of the nature of the process, with the preliminary conference being the first judicial appearance, there was little likelihood that such a continuance would even have been necessary, except perhaps to satisfy the judge's requirement that the motion to extend the time to file the late application be formalized. Under the circumstances *407 presented, the consent of the Prosecutor to the registrant's late filing would not have been out of order.
In any event, weighing the inconvenience to the Prosecutor and the court against the consequences of denial to the registrant of so important a hearing, strongly tips the scale of justice in favor of the relief requested. The registrant's Tier Classification, if allowed to stand, may well follow him beyond the present notification to other residences, as any change of address requires notice to the local law enforcement agency as well as re-registration and notification if the offender moves to a different municipality. N.J.S.A. 2C:7-2d. Under the circumstances, we are compelled to remand to the designated judge for a hearing on the merits.
Reversed and remanded.
NOTES
[1] The initials used in the caption are fictitious. This court has for the purposes of confidentiality, refrained from identifying the names of those involved as well as the attorneys, Municipality and County in question.
[2] R. 3:5-7 in fact was amended effective January 19, 1995 to eliminate the original thirty day motion requirement and to substitute therefor the reference to R. 3:10-2, which governs the timing of all criminal motions. See Pressler, Current N.J. Court Rules, Comment Rule 3:5-7.